Daniels, J.
The application to set aside and vacate the order proceeded upon the insufficiency of the undertaking given on the part of the plaintiff. There are three defendants in the action, and the order directed the sheriff to arrest them and to hold them, and each of them, to bail in the sum of $2,000. The undertaking was given for the payment of such costs and damages as the defendants or either of them "might sustain by reason of the arrest, not exceeding the sum of $500. To obtain this order of arrest, section 559 of the Code of Civil Procedure required the undertaking to be at least equal to one-tenth of the amount of bail required by the order. And as this order directed each of the defendants to be held to bail in the sum of $2,000, it is very clear that this undertaking was not one-tenth of that amount. By section 575 of the same Code, it has also been provided that the defendant when arrested shall be discharged on bail, consisting of an undertaking that the defendant to be discharged will at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him in the action. And this undertaking to comply with the order of arrest would necessarily be given in the sum of $2,000. The undertaking given by and on behalf of the plaintiff *510 obligated the persons executing it to pay the damages mentioned in it to the defendants, or either of them. And under the obligation created by it they all could only secure protection in case judgment was rendered in favor of the three, for if judgment was recovered against one, and in favor of the others, the undertaking would protect but one of the two. What it should have provided for was for the payment of the damages which each of the defendants might recover by reason of the arrest, which would be a protection if judgment proceeded in favor of two and against the other. Neither in form nor amount was it such an undertaking as the law required to be given to entitle the plaintiff to the order which was made.
But defective as it is it may still be amended by the substitution of such an undertaking as the nature of the case and these provisions of the Code require should be given. Erwin v. Judd, 20 Hun, 562.
The order to show cause upon which the motion was made did not specify the defects in the undertaking as it should have done, but it does not appear that any objection was taken to it on this account on the hearing of the motion, and from the order afterwards entered it is to be presumed that it was heard and disposed of without reference to this omission in the order to show cause. The order appealed from should be reversed and an order made setting aside the order of arrest, unless within ten days after notice of the decision the plaintiff shall obtain and file, as the practice requires that to be done, a further undertaking in the sum of $1,000, conditioned to pay to the defendants and to each of them the damages sustained by reason of the arrest if judgment shall be recovered by them or either of them in the action, or it should be decided that the plaintiff was not entitled to the order. And upon such an undertaking being given and the payment of the costs of opposing the motion, and the appeal, within the time already mentioned, the order should be affirmed. But in case of a failure to comply with these conditions, the ■ order should be reversed and the order of arrest vacated with like costs.
Davis, P. J., and Brady, J., concur.